11th Court of Appeals

 Eastland, Texas

          Opinion

 

Christopher Riggins

Appellant

Vs.                   No. 11-01-00360-CR -- Appeal from Brown County

State of Texas

Appellee

 

The jury
convicted Christopher Riggins of the second-degree felony offense of delivery
of a controlled substance:  one or more
grams but less than four grams of cocaine. 
The jury assessed appellant=s punishment at confinement for 20 years and a fine of $10,000.  We affirm. 


Appellant
has briefed three points of error related to his motion to suppress.  In the first point, he argues that the trial
court erred in denying his pretrial motion to suppress because the informant
making the controlled buy from appellant was trespassing[1]
when she entered appellant=s residence without consent.  In
the second point, he argues that the trial court erred in denying the motion
when it was re-urged at trial.  In his
final point, appellant contends that, if trial counsel failed to preserve any
error regarding the suppression issue, then appellant was denied the effective
assistance of counsel at trial.  








In
reviewing a trial court=s ruling on a motion to suppress, appellate courts must give great deference
to the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 87
(Tex.Cr.App.1997).  Because the trial
court is the exclusive fact finder, the appellate court reviews evidence adduced
at the suppression hearing in the light most favorable to the trial court=s ruling. 
Carmouche v. State, 10 S.W.3d 323 (Tex.Cr.App.2000).  We also give deference to the trial court=s rulings on mixed questions of law and fact
when those rulings turn on an evaluation of credibility and demeanor.  Guzman v. State, supra.  Where such rulings do not turn on an
evaluation of credibility and demeanor, we review the trial court=s actions de novo.  Guzman v. State, supra; Davila v. State, 4 S.W.3d 844 (Tex.App. -
Eastland 1999, no pet=n).  

The record
shows that Sch-maine Shantae Samuels, the informant who made the controlled
buy, testified at the hearing on the motion to suppress and at trial.  While working undercover as a confidential
source for the United States Drug Enforcement Administration, Samuels purchased
crack cocaine from appellant.  Samuels
testified that she had been to appellant=s house earlier on the day of the transaction and that appellant had
agreed to sell her cocaine.  Samuels
told appellant that she would return after cashing a check.  Samuels then met with DEA agents, who
instructed Samuels about making the purchase, searched Samuels and her car,
gave Samuels $100, and equipped her with video and audio recording devices that
were concealed in a purse.  Samuels
returned to the residence where appellant resided with his grandmother.  She entered the porch and knocked on the
door.  She waited until she heard
someone say, ACome in.@  Then, she opened the door,
went inside, called appellant=s name, and walked to the bedroom where appellant was lying on the bed
talking on the telephone.  Using the
money from the DEA agents, Samuels purchased a rock of crack cocaine from
appellant.  

Appellant
sought to suppress the cocaine, the videotape, and the audiotape.  Appellant=s arguments relate to Samuels opening the porch door without knocking
and to Samuels entering the residence without consent.  Although the videotape and audiotape
corroborate much of Samuels=s testimony, they are of poor quality. 
It is difficult to hear and understand what is being said on the
tapes.  On neither tape can the words, ACome in,@ be heard.  Because of the
quality of the tapes, however, we cannot say that those words were not actually
uttered or that Samuels entered appellant=s residence without consent. 
Samuels testified unequivocally that she heard someone say, ACome in.@  Furthermore, appellant did not
seem the least bit surprised to see Samuels, an alleged trespasser, when she
came into his bedroom.  








Also,
Samuels=s entry into the porch, which was enclosed by
glass, did not constitute a trespass. 
Samuels had been to appellant=s residence before and was familiar with the customary manner of entry
into the house.  The small porch was
situated directly in front of the Amain door@ that
led into the residence.  In order to
knock on the door leading into the residence, a visitor would have to open the
glass/screen door and enter the porch. 
Under these circumstances, we cannot hold that Samuels was trespassing
when she entered the porch.  

We hold
that the trial court did not abuse its discretion in overruling appellant=s motion to suppress.  Consequently, the first and second points of
error are overruled.  Because we have
addressed all of the issues with respect to the motion to suppress and have not
held that appellant failed to preserve an issue, we also overrule the third
point of error in which appellant contends that trial counsel was ineffective
only for failing to preserve an issue related to the suppression of
evidence.  

The
judgment of the trial court is affirmed. 


 

W. G. ARNOT, III

CHIEF
JUSTICE

 

February 20, 2003

Do not
publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]Criminal trespass is committed when a person enters or
remains on another=s property without effective consent and the person had
notice that the entry was forbidden or received notice to depart but failed to
do so.  TEX. PENAL CODE ANN. ' 30.05 (Vernon Supp. 2003).